Coffin *v.* Loper.

COFFIN *vs.* LOPER and others.

It is the practice of this court to stay waste between tenants in common, in special cases, among which is the pendency of a suit for partition.

25 443
f58 408
f58 411

In partition. On bill and answer. Motion to dissolve injunction.

*Mr. W. E. Potter,* for the motion.

*Mr. P. L. Voorhees,* contra.

THE CHANCELLOR.

The bill is filed for the partition of a tract of cedar swamp in Gloucester county, of which the complainant claims to own three-sevenths in fee. It also prays an injunction to restrain the defendants from cutting the timber off the property. It alleges that the defendants are the owners of the remaining four-sevenths of the land. The answer wholly denies the

complainant's title, and claims that the defendants are the lawful owners of the whole property. It admits, that at the filing of the bill, the defendants intended and had taken measures to sell off all the timber on the tract. The defendants now move to dissolve the injunction. They insist that on the case made by the bill, it cannot be sustained; that this court will not, according to its established practice, allow an injunction to stay waste between tenants in common, unless there is danger that the estate will be so injured that damages will not compensate for the waste, or on proof that the tenant, whom it is sought to enjoin, is insolvent. The injunction in this case was issued to stay, *pendente lite*, threatened waste, which it appears by the answer, would have extended to the stripping of the property of all the timber on it, and it appeared on the argument, by the admission of counsel, that the land without the timber, is of but very little value. It is manifest that the exercise of the restraining power of the court is peculiarly proper under circumstances such as this case presents, and which it presented at the filing of the bill. It is the practice of the court to stay waste between tenants in common in special cases, among which is the pendency of a suit for partition. *Obert* v. *Obert,* 1 *Halst. Ch.* 397; *Hawley* v. *Clowes,* 2 *Johns. Ch.* 122; *Kerr on Injunctions* 258, § 5; *Hilliard on Injunctions* 354. The granting of the injunction in the present case, was also within the equity of the statute providing that in any action in which the right to real estate, or to goods and chattels, is in controversy, the court or any judge thereof, may make an order for the protection of the property in controversy, from waste, destruction or removal beyond the jurisdiction of the court, upon satisfactory proof being made of the necessity for such order, and may enforce such order by attachment for contempt. *Revision, tit. Practice of Law,* § 286. See also the learned *Note A* to *West* v. *Walker,* 2 *Green's Ch.* 279. In view of the denial of the complainant's title, the suit must be stayed. The bill will be retained to afford him an opportunity to establish his title at law, which he will be required to do without unnecessary delay. In the meantime, the injunction will be retained.